# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY MIKE TORRES, | Case No. 1:15-cv-01841-SAB-HC |
| Petitioner, | ORDER RE WITHDRAWAL OF CONSENT TO JURISDICTION OF UNITED STATES MAGISTRATE JUDGE |
| v. | |
| DHS/ICE, et al., | |
| Respondents. | |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He previously consented to disposition of this case by a United States magistrate judge. It appears that he may wish to withdraw his consent.

On December 17, 2015, Petitioner filed a form indicating his consent to jurisdiction of a United States magistrate judge. (ECF No. 12). However, on February 5, 2016, Petitioner filed a form indicating his decline of jurisdiction of a United States magistrate judge. (ECF No. 14). He has not filed a motion to withdraw that consent. Nor has he addressed the standards applicable to such a motion. See Dixon v. Ylst, 990 F.2d 478, 479-80 (9th Cir. 1993) ("Dixon did not file a motion for leave to withdraw his consent, nor did he provide any reasons for the withdrawal."). Once the parties have consented to magistrate judge jurisdiction in a civil case under § 636(c)(1), the reference to the magistrate judge can be withdrawn by the court only "for good cause shown on its own motion, or under *extraordinary circumstances* shown by any party." 28 U.S.C.

1

§ 636(c)(4) (emphasis added); <u>Dixon v. Ylst</u>, 990 F.2d 478, 480 (9th Cir. 1993) ("There is no absolute right, in a civil case, to withdraw consent to trial and other proceedings before a magistrate judge.").

    The circumstances leading to the attempt by Petitioner to withdraw his consent to magistrate judge jurisdiction are as follows. On December 10, 2015, the Court issued an Order re Consent or Request for Reassignment that directed Petitioner to check and sign either the consent to jurisdiction of a United States magistrate judge section or the decline of jurisdiction of a United States magistrate judge and request for reassignment to United States district judge section and return it to the Clerk's Office within thirty (30) days. (ECF No. 9-1). On December 17, 2015, Petitioner filed his consent to jurisdiction of a United States magistrate judge on the Court's Order re Consent or Request for Reassignment. (ECF No. 12). On January 6, 2016, Respondents filed their consent to jurisdiction of a United States magistrate judge. (ECF No. 13). On February 5, 2016, Petitioner filed a copy of Respondent's consent form with the date, name, and signature in the decline of jurisdiction of a United States magistrate judge section filled with his information. (ECF No. 14). However, Petitioner did not check the box next to the decline of jurisdiction of a United States magistrate judge.

    It is unclear to the Court whether Petitioner's filing on February 5, 2016, was an attempt to withdraw consent. A filing attempting to withdraw consent to magistrate judge jurisdiction is not self-executing. <u>Dixon</u>, 990 F.2d at 480 ("no absolute right . . . to withdraw consent to trial"). Nor does it satisfy the requirements of <u>Dixon</u>. Petitioner neither filed an appropriate motion clearly stating a request to withdraw his consent, and more importantly, he did not make any showing of extraordinary circumstances to justify withdrawal. As it is unclear to the Court whether Petitioner intended to withdraw his consent to the jurisdiction of a United States magistrate judge, and Petitioner has not provided any reasons for the withdrawal of consent, the Court must enforce the requirement that Petitioner file an appropriate motion demonstrating extraordinary circumstances.

    If Petitioner wishes to seek leave to withdraw his consent he shall, as <u>Dixon</u> requires, file a motion and demonstrate what extraordinary circumstances exist that justify the request. <u>Dixon</u>,

990 F.2d at 479-80.  Accordingly, IT IS HEREBY ORDERED that if Petitioner seeks to withdraw his consent to the jurisdiction of a United States magistrate judge, Petitioner shall file a motion within **thirty (30)** days of the date of service of this order.   Until a decision to the contrary, this Judge retains full jurisdiction over the case.

IT IS SO ORDERED.

Dated:    **February 9, 2016**

_____
UNITED STATES MAGISTRATE JUDGE