# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY MIKE TORRES,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>DHS/ICE,<br><br>　　　　Respondent. | Case No. 1:15-cv-01841-SAB-HC<br><br>ORDER DISMISSING AS MOOT PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING CLERK OF COURT TO CLOSE CASE |

Petitioner is a federal immigration detainee proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The parties have consented to the jurisdiction of the United States Magistrate Judge. (ECF Nos. 12, 13).[1]

**I.**

**BACKGROUND**

Petitioner is a citizen of Belize who was ordered removed on November 5, 2013, by an Immigration Judge ("IJ") on the basis that Petitioner was removable as a non-citizen present without being admitted or paroled pursuant to 8 U.S.C. § 1182(a)(6)(A)(i). (ECF No. 18 at 2).[2]

---

[1] The Court notes Petitioner subsequently attempted to withdraw his consent to magistrate judge jurisdiction "upon greater consideration of the magnitude of this case, and in the interest of justice." (ECF No. 19 at 1). The Court denied Petitioner's motion because he failed to make a showing of "extraordinary circumstances" to justify withdrawal of his voluntary consent. (ECF No. 20).

[2] Page numbers refer to the ECF page numbers stamped at the top of the page.

Since July 5, 2013, Petitioner has been in immigration custody.[3] On March 12, 2014, Petitioner was given a bond hearing before an IJ pursuant to Rodriguez v. Robbins (Rodriguez II), 715 F.3d 1127 (9th Cir. 2013). At the hearing, the IJ found Petitioner a flight risk and a danger to the community, and ordered Petitioner detained without bond. (ECF No. 18 at 2–3, 6). Petitioner waived appeal to the Board of Immigration Appeals.[4] (Id. at 3, 6).

On July 8, 2015, Petitioner filed the instant petition for writ of habeas corpus in the United States District Court for the Central District of California. (ECF No. 1). On December 8, 2015, the matter was transferred to this Court. (ECF No. 6). Respondent has filed an answer to the petition. (ECF No. 18). Subsequently, on March 15, 2016, Petitioner received a second Rodriguez bond hearing. The IJ determined that Petitioner should remain in custody because he was a flight risk and a danger to the community. (ECF No. 21 at 1, 4).

## II.

## DISCUSSION

The Court has "an independent duty to consider *sua sponte* whether a case is moot." Demery v. Arpaio, 378 F.3d 1020, 1025 (9th Cir. 2004) (citing Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999)). Article III of the United States Constitution limits the jurisdiction of federal courts to "actual, ongoing cases or controversies." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings," which "means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and *likely to be redressed by a favorable judicial decision*.'" Spencer v. Kemna, 523 U.S. 1, 7 (1998) (emphasis added) (quoting Lewis, 494 U.S. at 477).

If the Court were to find that habeas relief is warranted in the instant case, the remedy to which Petitioner would be entitled is a new hearing "before an Immigration Judge with the

---

[3] Petitioner entered the custody of the Los Angeles County Sheriff on a detainer for a felony domestic violence warrant on July 3, 2014, but returned to immigration detention shortly thereafter. (ECF No. 18 at 2).

[4] In the petition, Petitioner contends that "he waived his right to appeal inadvertently." (ECF No. 1 at 5). Although Petitioner sought to reinstate his right to appeal, the IJ denied Petitioner's request on June 5, 2014. (ECF No. 18 at 3 n.1).

power to grant [Petitioner] bail unless the government establishes that he is a flight risk or will be a danger to the community." Casas-Castrillon v. DHS, 535 F.3d 942, 952 (9th Cir. 2008). See also Singh v. Holder, 638 F.3d 1196, 1205–06 (9th Cir. 2011) (remanding "this case to the district court with instructions to grant the writ and order Singh's release unless within 45 days of the district court's order the agency provides Singh a new [bond] hearing applying the proper standard"). After the instant petition was filed, Petitioner received a new Rodriguez bond hearing, at which the IJ determined that Petitioner should remain in custody because he was a flight risk and a danger to the community. (ECF No. 21 at 1). Given that the new Rodriguez bond hearing provided Petitioner with the remedy to which he would have been entitled had this Court rendered a favorable judicial decision on his petition, the Court finds that no case or controversy exists.

### III.
### ORDER

Accordingly, the Court HEREBY ORDERS that:

1. The petition for writ of habeas corpus is DISMISSED as MOOT; and
2. The Clerk of Court is DIRECTED to CLOSE the case.

IT IS SO ORDERED.

Dated:   **August 19, 2016**

UNITED STATES MAGISTRATE JUDGE